Case 4:22-cv-00911   Document 38   Filed on 08/30/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 30, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| eFINANZAS, S.A.S., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-0911 |
| | § | |
| DISHA ROY, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case arising out of an international transaction for the purchase of Bitcoin is before the Court on Plaintiff's Motion for Default Judgment as to Defendant Brandon Jonathan Roy (ECF 34), and Brandon Jonathan Roy's Motion to Set Aside Entry of Default (ECF 36).[1] The Court RECOMMENDS that the entry of default be vacated and the Motion for Default Judgment be DENIED.

### I.   Legal Standards for Setting Aside Entry of Default

Under Federal Rule of Civil Procedure 55(c), a district court may set aside a default for "good cause." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (internal quotation omitted). "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation omitted).

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 32.

The court may consider other factors, including whether "(1) the public interest was implicated, (2) there was significant financial loss to the defendant, and (3) whether the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (citations omitted). The court does not need to consider all the factors and the "ultimate inquiry" remains whether the defendant shows good cause to set aside the default. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Although a motion to set aside an entry of default is similar to a motion to set aside a default judgment, a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment." *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008).

## II.     Good Cause Exists to Set Aside Entry of Default

On June 20, 2022, Plaintiff requested that the Clerk enter default against Brandon Jonathan Roy because he failed to answer or otherwise appear despite receiving the summons and complaint on May 3, 2022. ECF 27. The Clerk entered default against Defendant Brandon Jonathan Roy on June 22, 2022. ECF 29. On July 12, 2022, Plaintiff filed a Motion for Default Judgment against Brandon Jonathan Roy. ECF 34. On August 3, 2022, Brandon Jonathan Roy filed a Motion to Set Aside Entry of Default. ECF 36.

Brandon Jonathan Roy represents that the summons and complaint were served upon his estranged wife, co-Defendant Disha Roy, at his former residence where he has not lived since November 2021. ECF 36. He further alleges facts indicating that he and Disha Roy are engaged in an acrimonious divorce and Disha Roy purposefully hid the service of the Complaint from him. He represents that he did not learn of the attempted service of the Summons and Complaint until July 28, 2022 when during a court hearing for a client in an unrelated matter Disha Roy "taunted"

Brandon Jonathan Roy "about an ambiguous $2 million judgment against him." ECF 36 at 3. Brandon Jonathan Roy has submitted his unsworn declaration under penalty of perjury attesting the facts asserted in his motion and denying all the allegations of the Complaint.

The Court finds good cause to set aside the entry of default against Brandon Jonathan Roy. He acted expeditiously to correct the default. The Court has no reason to conclude that his failure to timely respond to the lawsuit was intentional. Plaintiff argues that Brandon Jonathan Roy has been aware of Plaintiff's intent to file suit since 2021, but has not shown he was aware of service on his estranged wife and intentionally failed to respond. ECF 37.

Plaintiff will not be prejudiced by the setting aside of the default. This case is in its very early stages and no scheduling order has been entered. In fact, on July 28, 2022, Plaintiff filed a status report representing that service upon two defendants located in Australia "may take an additional four to six months." ECF 35. It is difficult at this stage to judge the merits of Brandon Jonathan Roy's defenses in this case involving an international virtual currency transaction and the dissolution of a law firm and which involves multiple parties (including adversarial co-defendants), fiduciary duties, and technology. The merits factor presents a low bar: "the concern is whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Obinyan v. Walgreens Spec. Phar. Holdings, L.L.C.*, Civil Action No. 21-10294, 2022 WL 987183, *3 (5th Cir. Mar. 31, 2022) (emphasis in original; quoting *In re OCA, Inc.*, 551 F.3d at 373). Brandon Jonathan Roy has denied all the allegations and represents he intends to defend himself against all claims. ECF 35. The Court finds his allegations sufficient for current purposes.

### III.     Conclusion, Recommendation, and Order

For these reasons, the Court RECOMMENDS that Brandon Jonathan Roy's Motion to set aside entry of default (ECF 36) be GRANTED and Plaintiff's Motion for Default Judgment (ECF 34) be DENIED.  It is further ORDERED that Brandon Jonathan Roy shall file his Answer to the Complaint within 7 days of entry of an Order of Adoption of this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 30, 2022, at Houston, Texas.

*(signature)*
Christina A. Bryan
United States Magistrate Judge