Case 4:22-cv-00911   Document 49   Filed on 10/21/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| eFINANZAS, S.A.S., | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-0911 |
| | § | |
| DISHA ROY, ET AL., | § | |
|    *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case arising out of an international transaction for the purchase of Bitcoin is before the Court on Defendant Brandon Jonathan Roy's (BJ Roy's) Motion to Dismiss Pursuant to Rule 12(b)(1), 12(b)(6), and 12(e). ECF 42. Plaintiff has filed a Response (ECF 47), and Plaintiff has filed a Reply (ECF 48).[1] The Court recommends that BJ Roy's Motion to Dismiss Pursuant to Rule 12(b)(1) be DENIED.

### I.    Rule 12(b)(1) Standards

When a Defendant challenges subject matter jurisdiction, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 32.

supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014).  If the plaintiff fails to meet its burden, the case must be dismissed without prejudice. *Id.*; *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (dismissal without prejudice is proper when the district court dismisses a case for lack of subject matter jurisdiction).

BJ Roy's challenge to subject matter jurisdiction appears to be that the bitcoins that Plaintiff seeks to recover were transferred to an account in Australia and are beyond this Court's jurisdiction to recover pursuant to the Act of State Doctrine.[2]  *See* ECF 42 at 2 (citing *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 416 (1964)).  The Act of State Doctrine is not applicable here.  Plaintiff is not asking the Court to order Australia to do anything but is seeking a declaratory judgment, appointment of a receiver, and recovery of funds from BJ Roy and other Defendants.  *See* ECF 1 at 17-18 (Prayer for Relief).  The basis for subject matter jurisdiction in this case is diversity, which is established on the face of Plaintiff's Complaint and which BJ Roy has not challenged.  In his Reply, BJ Roy addresses only his Rule 12(b)(6) and 12(e) motions and does not rebut any argument of Plaintiff regarding jurisdiction. ECF 48.  On the current record, Plaintiff has met its burden to establish subject matter jurisdiction.

---

[2] The Motion mentions collateral estoppel but gives no explanation of why that doctrine applies here and in any event collateral estoppel is not a jurisdictional argument.  ECF 42 at 2-3.

## II.     Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that BJ Roy's Motion to Dismiss Pursuant to Rule 12(b)(1) be DENIED.

Signed on October 21, 2022, at Houston, Texas.

                                      Christina A. Bryan
                                 United States Magistrate Judge