United States District Court
Southern District of Texas
**ENTERED**
April 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EFINANZAS, S.A.S., §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>DISHA ROY, ET AL., §<br>*Defendants*. § | CIVIL ACTION NO. 4:22-CV-0911 |

## MEMORANDUM AND RECOMMENDATION

This case arises out of an international transaction for the purchase of Bitcoin and is before the Court on Plaintiff's Motion for Summary Judgment.[1]  ECF 93. Having reviewed the parties' submissions and the law, the Court Recommends that the Motion be DENIED.

**I.    Factual and Procedural Background**

The facts in this section are undisputed on the summary judgment record unless otherwise stated.  Plaintiff eFinanzas, S.A.S. is a Columbian corporation that trades in cryptocurrency.  ECF 1 ¶¶ 3, 19.  Defendant Roy & Associates, P.L.L.C. (Roy & Assoc.), a law firm formed in Houston, Texas in 2015, forfeited its right to transact business in Texas as of July 2, 2021 for failure to satisfy franchise tax requirements.  *Id.* ¶ 6; ECF 1-2; ECF 94-1 ¶ 2.  Defendant Brandon Jonathan Roy

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

(Mr. Roy) was a director and partner in the law firm and a member of the Texas State Bar. ECF 1 ¶ 5. Defendant Disha Roy (Ms. Roy) was a director, partner, and registered agent of the law firm and a member of the Texas State Bar. ECF 1 ¶¶ 4, 6; ECF 94-1 ¶ 2. Mr. and Ms. Roy were married at one time. ECF 1 ¶ 5; ECF 94-1 ¶ 2. Mr. Roy, Ms. Roy, and Roy & Assoc. are referred to collectively, where appropriate, as the Roy Defendants.

In 2021, Plaintiff contacted Roy & Assoc. for assistance in purchasing bitcoin (BTC). At some point, Plaintiff came into possession of a certificate of insurance purporting to have been issued by AXA Insurance and showing that Roy & Assoc. maintained $2,000,000 in professional liability coverage for the period June 11, 2021 to June 11, 2022. *Id.* ¶ 26; ECF 96-1. On April 7, 2021, Mr. Roy, on behalf of Roy & Assoc., and Plaintiff executed a Sale and Purchase Agreement related to BTC. ECF 95-2 at 3-13. Mr. Roy, on behalf of Roy & Assoc., and Plaintiff executed an Escrow and Escrow Paymaster Agreement on June 23, 2021. ECF 95-2 at 15-22. Plaintiff alleges that pursuant to the escrow agreement, it deposited $1,217,000.00 into what it thought was Roy & Assoc.'s IOLTA account to be held in trust and released to a BTC seller upon completion of blockchain verification. *Id.* ¶¶ 30, 41-42. Plaintiff alleges they have never received any BTC or a return of the funds from the Roy Defendants. *Id.* ¶ 59.

Plaintiff filed this lawsuit on March 21, 2022 against the Roy Defendants and against foreign entities Heffernan Legal, Michael John Heffernan, Greenwich Insurance Company, X.L. America, Inc., and AXA Insurance Company. The Court dismissed the foreign entities at Plaintiff's request because Plaintiff was unable to complete service in a timely manner. ECF 21; ECF 59. The Complaint asserts claims against Mr. Roy and Ms. Roy for "forfeiture of entity and business privileges and personal liability" and against the Roy Defendants jointly for: breach of contract; negligence; negligence *per se*; deceptive trade practices; unjust enrichment; and fraudulent transfer. ECF 1 ¶¶ 64-103. The case is now before the Court on Plaintiff's Motion for Summary Judgment on its claims against the Roy Defendants for negligence per se, deceptive trade practices, and unjust enrichment, and on Defendants' affirmative defenses. ECF 93; ECF 94; ECF 95; ECF 96.

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving

party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

If the party moving for summary judgment bears the burden of proof on an issue, the moving party must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant does so, the burden shifts to the nonmovant to prove an issue of material fact for trial. *Lyons*, 964 F.3d at 302.

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis

Plaintiff moves for summary judgment on its claims for negligence *per se*, violation of the DTPA, and unjust enrichment and also argues that Mr. Roy and Ms. Roy, as directors of Roy & Assoc., are personally liable for Plaintiff's damages.[2] ECF 93. Specifically, Plaintiff contends it is entitled to summary judgment because it is undisputed that (1) Roy & Assoc. forfeited its right to transact business in Texas as of July 2, 2021; (2) the AXA insurance document showing $2,000,000 in legal malpractice coverage is a forgery; and (3) Mr. Roy and Ms. Roy are the only directors of Roy & Assoc. ECF 93 at 3. Plaintiff failed to attach any evidence to its Motion for Summary Judgment, but the Motion references the Declaration of Dwight Johnson (ECF 34-1) and a Franchise Tax Account Status statement (ECF 84-3).

Ms. Roy and Roy & Assoc. filed a joint Response arguing that Plaintiff has wholly failed to meet its summary judgment burden because it has produced no evidence on most elements of its claims, and because Ms. Roy is shielded from personal liability by Texas Tax Code § 171.255. ECF 94. Mr. Roy filed a Response to Plaintiff's Motion which appears to argue that Plaintiff cannot recover because Plaintiff breached the agreements it entered into with Mr. Roy and because

---

[2] Plaintiff did not move for summary judgment on its breach of contract claim.

Plaintiff's losses were caused by its own actions or the actions of third parties. ECF 95. In Reply, Plaintiff attaches bank statements indicating that it made deposits of $1,060,000.00 into a Roy & Assoc. account on July 1 and 2, 2021. ECF 96-2 at 2. Plaintiff's Reply also characterizes the Roy Defendants' Responses to the Motion for Summary Judgment as "cynical." ECF 96 at 9.

### A. Evidentiary Objections

As an initial matter, the Court addresses the Roy Defendants' evidentiary objections to the Declaration of Dwayne Johnson (ECF 34-1) and the Franchise Tax Account Status statement (ECF 84-3). In his Declaration, Dwayne Johnson attests that he is the "Product Manager, Legal Malpractice Insurance – Lawyers Admitted Product, by AXA XL, a division of AXA." ECF 34-1 ¶ 1. Johnson confirms in the Declaration that Greenwich Insurance Company, a subsidiary of AXA XL, "issued Lawyers Professional Liability Policy No. LPP903235405 (the "Policy") to Roy & Associates, PLCC ("Roy") for the period June 11, 2020 to June 11, 2021." *Id.* ¶ 5.

One of Ms. Roy's objections to Johnson's Declaration is the lack of foundation for his personal knowledge to declare in paragraph 7 that: "[t]he Policy expired before the transfer of funds at issue in the captioned matter occurred[.]" ECF 94 at 5-6. Although Johnson's Declaration demonstrates that he has personal knowledge of the date the policy expired, it lacks any facts which evidence a basis

for his personal knowledge of the timing of the transfer of funds. Therefore, Ms. Roy's objection that Johnson lacks personal knowledge for the statement in paragraph 7 of the Declaration is sustained.

Ms. Roy also objects to the following statement in paragraph 10 of the Johnson Declaration as speculation: "It appears that someone created Exhibit A hereto without the approval . . . of AXA XL in order to lead eFinanzas . . . to believe that a renewal of the Policy existed, when in fact it does not." ECF 94 at 6. Although Johnson's Declaration competently establishes that the Policy was not renewed and therefore the document showing otherwise is not authentic, the statement that "someone created Exhibit A . . . in order to lead eFinanazas . . . to believe a renewal" is speculation and lacks personal knowledge. Thus, Mrs. Roy's objection to that portion of paragraphs 10 statement is sustained.

Ms. Roy objects to consideration of the Franchise Tax Status Statement as summary judgment evidence because it is hearsay and has not been authenticated. ECF 94 at 6-7. The Franchise Tax Status Statement, which is certified by a representative of the Open Records Section of the Comptroller of Public Accounts of the State of Texas (ECF 1-2 at 2-3), is a government record with indicia of reliability and appropriate for judicial notice. FED. R. EVID. 201(b); *see Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 965 (S.D. Tex. 2016) (taking judicial notice

7

of FDA documents because "they are public government records that are not subject to reasonable dispute"). Moreover, the Court finds that the information in the Franchise Tax Status Statement is capable of being presented in admissible form at trial. *Luna v. Macy's S., Inc.*, No. CV H-17-1759, 2018 WL 3609053, at *2 (S.D. Tex. July 27, 2018) (quoting *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) for the proposition that under Rule 56 materials cited as support at the summary judgment stage "need only be *capable* of being presented in a form that would be admissible in evidence" (emphasis in original)). Therefore, Ms. Roy's objection to the Franchise Tax Statement is overruled.

### B. Negligence *per se*

To succeed on a negligence action under Texas law a plaintiff must prove (1) a legal duty owed by defendant to plaintiff; (2) a breach of the duty by defendant; and (3) damages proximately caused by defendant's breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Negligence *per se* is a tort concept whereby the violation of a duty created by statute constitutes negligence as a matter of law "if such statute was designed to prevent injury to the class of persons to which the injured party belongs." *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978); *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 652 (S.D.

8

Tex. 2009) (stating "[i]f negligence per se applies, the elements of duty and breach are satisfied by proof that the defendant has violated a statute") (citing *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex.1997)). However, if the statute incorporates an "ordinarily prudent person" standard, then it does not establish a specific standard of conduct different from the common law duty of care and a violation of the statute does not apply to establish negligence *per se*. *Suzlon Wind Energy Corp.*, 662 F. Supp. 2d at 654. The mere existence of a criminal statute does not require the court to accept the statute as a standard for civil liability. *Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998). Rather, in every negligence *per se* case the court must address two "threshold" questions: "whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent." *Id.*

Despite recognizing that the Court must address the threshold questions discussed in *Perry*, Plaintiff has completely failed to show those requirements are satisfied in this case. Plaintiff argues the Roy Defendants are liable for negligence *per se* because the Johnson Declaration demonstrates, "by at least a preponderance of evidence," that the Roy Defendants violated several state and federal criminal statutes. ECF 93 at 5-6 (listing state and federal criminal statutes). The Johnson Declaration provides competent summary judgment evidence demonstrating that the

certificate of insurance for a Lawyers Professional Liability Insurance Policy which reflects an aggregate limit of liability of $2,000,000.00, an effective period from June 11, 2021 to June 11, 2022, and Roy & Associates, PLLC as the insured, is a forgery. ECF 34-1. However, Plaintiff has presented no competent summary judgment evidence demonstrating that any or all Roy Defendants created the forgery, or to whom, by whom, and for what purpose, the forgery was presented.

To prove a negligence *per se* case a plaintiff must show not only the fact of a statutory violation, but also that the violation proximately caused plaintiff's damages. *Moughon*, 576 S.W.2d at 606; *Mundy v. Pirie-Slaughter Motor Co.*, 206 S.W.3d 587, 590-91 (Tex. 1947). The record in this case is devoid of any evidence from which a reasonable fact-finder could conclude that the forgery caused Plaintiff's damages. The mere existence of a forged insurance certificate fails to establish that the forgery proximately caused Plaintiff's damages, an issue on which Plaintiff bears the burden of proof.

The only evidence referenced in Plaintiff's Motion for Summary Judgment is the Johnson Declaration and the Franchise Tax Status Statement. Therefore, Plaintiff's Motion for Summary Judgment rests primarily on the allegations in its unverified Complaint as proof of the elements of its case. *See* ECF 93 at 2 (stating that Plaintiff's claims are "apt for disposition . . . based on the indisputable portions

of the record in this case: forfeiture of business entity privileges (Document 1, at ¶¶ 64-68); negligence per se (Document 1, at ¶¶ 79-80, 84-85); deceptive trade practices (Document 1, at ¶¶ 86-88, 90, 92); and unjust enrichment (Document 1, at ¶¶ 96, 99)"). The summary judgment record lacks testimony or a declaration from someone with personal knowledge attesting to facts that would support Plaintiff's causes of action. Moreover, Plaintiff presents no evidence or argument showing that it belongs to the class that each of the cited statutes was intended to protect, or that its injury is of a type that the statute was designed to prevent, as required by the Texas Supreme Court in *Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998). Plaintiff does not even recite the specific conduct the cited statutes are intended to prohibit. Plaintiff, as the party with the burden of proof, has not established beyond peradventure all elements of a negligence *per se* claim. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).

Although not briefed by the parties, Plaintiff's negligence *per se* claim fails for a second reason: It is prevented by the economic loss rule. The economic loss rule prevents a party from recovering damages in negligence if the party's only injury consists of economic loss from a contractual benefit. *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (holding that a party states a tort claim only when the harm is not merely the economic loss of a

contract benefit); *Strauss v. Ford Motor Co.*, 439 F. Supp. 2d 680, 688 (N.D. Tex. 2006) (dismissing plaintiff's claim to recover fines for failing to display a front license plate under a negligence theory). Plaintiff's alleged injury is the loss of the $1,217,000.00 it allegedly deposited into a Roy & Assoc. account pursuant to an escrow agreement to facilitate the purchase of BTC it never received. Plaintiff has not alleged any personal injury or property damage, merely the loss of a contract benefit. *See* ECF 1. Thus, Plaintiff has suffered only an economic loss for which it cannot recover in a negligence action. Plaintiff's Motion for Summary Judgment on its negligence claim should be denied.

  **C.** **Texas Deceptive Trade Practices Act**

Plaintiff makes a conclusory argument that the forgery of the insurance certificate, as evidenced by the Johnson Declaration, proves its claim against the Roy Defendants for violation of § 17.46(b)(24) of the Texas Business and Commerce Code (the Texas Deceptive Trade Practices Act, or DTPA). ECF 93 at 7. To be entitled to summary judgment against the Roy Defendants for violation of the DTPA, Plaintiff must prove: (1) it is a consumer, (2) the Roy Defendants engaged in false, misleading, or deceptive acts, and (3) those acts were a producing cause of its damages. *Guijarro v. Enter. Holdings, Inc.*, No. 1:19-CV-217, 2020 WL 10229102, at *3 (S.D. Tex. Aug. 5, 2020) (citing *Doe v. Boys Clubs of Greater*

*Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). In addition, "[m]ere non-disclosure is not enough to establish a claim" against the Roy Defendants for non-disclosure under Section 17.46(b)(24) of the DTPA. *Id.* at *6 (citation omitted). Plaintiff must also prove: (1) the Roy Defendants failed to disclose information concerning goods or services; (2) the Roy Defendants knew the information at the time of the transaction; (3) the Roy Defendants' failure to disclose was intended to induce Plaintiff into a transaction; and (4) Plaintiff otherwise would not have entered the transaction if the information had been disclosed. *Id.*

Beyond establishing that the insurance certificate was forged, Plaintiff's Motion for Summary Judgment fails to address any, much less all, required elements of its DTPA non-disclosure claim. Plaintiff's Motion for Summary Judgment on its DTPA claim should be denied.

### D. Unjust Enrichment

Plaintiff argues that the forged insurance certificate establishes its entitlement to summary judgment on the unjust enrichment claim brought against the Roy Defendants. Under Texas law, a party may prevail on an unjust enrichment theory when the defendant "has obtained a benefit from [the plaintiff] by fraud, duress, or the taking of an undue advantage." *Zapata v. Flowers Foods Inc.*, No. 4:16-CV-676, 2016 WL 8738349, at *2 (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*,

13

832 S.W.2d 39, 41 (Tex. 1992)). The existence of the forged insurance certificate, in and of itself, is not enough to establish beyond peradventure that the Roy Defendants obtained a benefit from Plaintiff by fraud, duress, or taking of undue advantage. Although it is *possible* that Plaintiff relied on the forged insurance certificate as assurance that it would be protected from loss in the bitcoin purchase transaction, the record is devoid of any *evidence* of reliance. The record contains no *evidence* that the Roy Defendants forged the document, used the document to entice Plaintiff to enter into the escrow agreement or send funds to the Roy Defendants, or that the Roy Defendants obtained $1,217,000.00 from Plaintiff for its own benefit under false pretenses.

Plaintiff attached a bank statement to its Reply showing wire transfers into an account in the name of Roy & Associates P.L.L.C. from CitiBank Florida on behalf of EFinanzas S.A.S. on July 1, 2021 and July 2, 2021, each in the amount of $1,060,000.00. ECF 96-2. However, the summary judgment record includes no evidence of the purpose of the wire transfers, the identity of the person who directed the wire transfers, and the identity of the person who directed the transfer of the money out of the Roy & Associates account after receipt, which means fact issues remain on Plaintiff's claim for unjust enrichment. ECF 95-1. Plaintiff's allegations of unjust enrichment in the Complaint (ECF 1 ¶¶ 93-99) are no substitute for

evidence required to prove the elements of the cause of action and Plaintiff's entitlement to summary judgment. *Am. Cancer Soc. v. Cook*, 675 F.3d 524, 529 (5th Cir. 2012) (explaining that a complaint is not evidence); *see also Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (holding that pleadings cannot be used to create an issue of fact). For these reasons, Plaintiff's Motion for Summary Judgment on its unjust enrichment claim should be denied.

E. **Personal Liability Under the Texas Tax Code**

Plaintiff invokes Texas Tax Code § 171.255(a) as a means to impose personal liability on Mr. Roy and Ms. Roy for the debt of Roy & Assoc. Section 171.255(a) of the Texas Tax Code provides:

> If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived.

Ms. Roy argues in response to the Motion for Summary Judgment that Plaintiff has not met its burden to establish the requirements of § 171.255(a), namely that Roy & Assoc. had forfeited its privileges as of the date of Plaintiff's alleged loss, and that Plaintiff's loss is a debt incurred by Roy & Assoc. Ms. Roy also seeks to avoid personal liability based on the safe harbor provision of Texas Tax Code § 171.255(c), which provides:

15

> A director or officer is not liable for a debt of the corporation if the director or officer shows that the debt was created or incurred:
> (1) over the director's objection; or
> (2) without the director's knowledge and that the exercise of reasonable diligence to become acquainted with the affairs of the corporation would not have revealed the intention to create the debt.

In support of her safe harbor defense, Ms. Roy attaches her Declaration stating that she objected to Mr. Roy becoming involved in cryptocurrency transactions, that he conducted this business behind locked doors, and that she was on a leave of absence in 2021-22 and was unaware of any transaction between Roy & Assoc. and Plaintiff. ECF 94-1.

Ms. Roy asserted the safe harbor provision in § 171.255(c) as an affirmative defense, but Plaintiff bears the burden to prove Mr. Roy and Ms. Roy are liable personally under § 171.255(a). Again, Plaintiff's Complaint is not evidence, and the record evidence establishes only that Roy & Assoc. forfeited its privileges as of July 2, 2021. The Court concludes that Plaintiff has not met its summary judgment burden on affirmative claims to establish the personal liability of Mr. Roy and Ms. Roy. In addition, Ms. Roy's Declaration creates a genuine issue of material fact on her § 171.255(c) affirmative defense. Therefore, Plaintiff's Motion for Summary Judgment as to personal liability should be denied.

### F. Mr. Roy's Unclean Hands Defense

Mr. Roy presents an unclean hands defense to Plaintiff's equitable claims, contending Plaintiff acted wrongfully by breaching the parties' agreement. ECF 95. Mr. Roy also appears to argue that any loss incurred was a result of Plaintiff's own actions. *Id.* Plaintiff, in turn, characterizes Mr. Roy's unclean hands defense as "misplaced to the point of frivolity." ECF 93.

Mr. Roy bears the burden to create a genuine issue of material fact on his affirmative defense under the unclean hands doctrine. He has met his burden, just barely, by way of his own Declaration attesting that Plaintiff's "non-scheduled" deposit of funds into the Roy & Assoc. IOLTA account by wire transfer resulted in the transfer being flagged as "fraudulent" and the funds being recalled by Plaintiff's bank. ECF 95-1. The version of events recounted by Mr. Roy is about as clear as mud, but absent any evidence contradicting Mr. Roy's statements, the Court concludes that Plaintiff is not entitled to summary judgment on Mr. Roy's unclean hands defense.

### IV. Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Plaintiff's Motion for Summary Judgment be DENIED and that the Court proceed with the Docket Call on May 10, 2024.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 04, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge